# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DONTRAY CHANEY,**

        **Plaintiff,**

-vs-                             **Case No. 6:04-cv-515-Orl-22KRS**

**CITY OF ORLANDO, FLORIDA and
JONATHAN CUTE,**

        **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** DEFENDANT CITY OF ORLANDO'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES (Doc. No. 51)
>
> **FILED:** May 16, 2005
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

Defendant City of Orlando, Florida ("City") seeks to compel Plaintiff Dontray Chaney to provide further responses to interrogatory number 13, which reads as follows:

> Please identify and list the names and addresses of any and all witnesses to the incident in question in the Plaintiff's Complaint and indicate whether or not the witnesses provided a written statement to you and, if so, please state the date and time the statement was provided.

Doc. No. 52 at 2. In response to the interrogatory, Chaney identified five witnesses. He objected to stating whether the witnesses provided written statements to him and other details requested about such statements based on privilege.[1] In his response to the motion, Chaney states that the information at issue is protected work product. Doc. No. 54 at 5. It is this privilege objection that is before the Court for resolution.[2]

Interrogatory number 13 does not seek disclosure of the written statements made by the witnesses to Chaney and his counsel. It merely seeks to determine whether and when such statements were made. This information is not protected work product. *See In re Theragenics Corp. Sec. Litig.*, 205 F.R.D. 631, 633-36 (N.D. Ga. 2002). Accordingly, it is **ORDERED** that Chaney shall serve supplemental sworn answers to interrogatory number 13 providing the information requested on or before June 8, 2005.

The City also seeks an award of attorney's fees and costs pursuant to Fed. R. Civ. P. 37(a)(4), which provides in relevant part that, if a motion to compel is granted, the court shall required the party or his attorneys, or both of them, whose conduct necessitated the motion to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the opposing party's response was substantially justified or other circumstances make the award of expenses unjust. Chaney has not established that his failure to respond fully to the interrogatories and provide a log listing the legal basis of his privilege claim, or seek a protective

---

[1] In the future, counsel shall quote the entire response to disputed discovery requests, as required by M.D. Fla. L. R. 3.04.

[2] In the future, counsel asserting a privilege shall identify the privilege asserted in the objection and simultaneously serve a privilege log, or seek a protective order if counsel believes a privilege log would reveal the privileged information.

order, was substantially justified. Although the City may have obtained some of the requested information through depositions, it is not clear from Chaney's response that all of the witnesses from whom he obtained written statements have been deposed. Therefore, I find that an award of sanctions in the sum of $150.00 is appropriate to compensate the City, in part, for the attorney's fees and costs incurred in filing the motion. I further find that it is appropriate to require counsel for Chaney to pay this sum, as permitted by Rule 37(a)(4), because it was his conduct in raising unfounded legal objections that necessitated the motion. It is, therefore, **ORDERED** that Jack B. Nichols, Esq., shall tender the sum of $150.00 to counsel for the City on or before June 17, 2005.

**DONE** and **ORDERED** in Orlando, Florida on June 2, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties